IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MIKE SMALLEY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) 2:15cv1488 |
|  | ) **Electronic Filing** |
| ACCOUNT SERVICES COLLECTIONS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I. Introduction

This matter is before the Court on a motion for attorney fees and costs (ECF No. 16) pursuant to Fed. R. Civ. P. 54(d) and 15 U.S.C. § 1692k(a)(3) filed by Defendant Account Services Collectives, Inc. ("ASC"). For the reasons set forth below, the motion will be denied.

### II. Background

This is an action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Plaintiff Mike Smalley filed suit on November 13, 2015, alleging that ASC contacted him on his cell phone, using an automatic telephone dialing system, automated messages, and/or a prerecorded voice, in an effort to collect a debt, in violation of the FDCPA and TCPA. (ECF No. 1). ASC filed an answer denying Plaintiff's allegations on April 4, 2016. (ECF No. 5). The court held an initial case management conference on May 18, 2016. (ECF No. 11).

On June 2, 2016, the parties filed a joint stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), whereby they stipulated to dismiss the complaint with prejudice. (ECF No. 14). On June 8, 2016, the court entered an order confirming the stipulation. (ECF No. 15).

1

Thereafter, ASC filed its motion for attorney fees and costs along with a brief and numerous exhibits in support. (ECF Nos. 16, 17). Plaintiff filed a response and brief in opposition (ECF Nos. 19, 20), and ASC, with leave of court, filed a reply (ECF No. 23). The matter is ripe for review.

### III. Legal Standard

Fed. R. Civ. P. 54(d)(1) gives the court discretion to award costs, other than attorney's fees, to the "prevailing party." Furthermore, Fed. R. Civ. P. 54(d)(2) gives the court discretion to award attorney's fees if authorized by statute, rule, or otherwise. The FDCPA provides: "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Although not specifically stated in the statute, "most courts appear to award attorney's fees under 15 U.S.C. § 1692k(a)(3) for a plaintiff's bad faith and harassment only to what can be considered a prevailing defendant." Scroggin v. Credit Bureau of Jonesboro, Inc., 973 F. Supp. 2d 961, 980 (E.D. Ark. 2013) (citing Montgomery v. Sessoms & Rogers, P.A., No. 5:12–cv–474–BO, 2013 WL 593949, *1 (E.D.N.C. Feb. 15, 2013)).

### IV. Discussion

As a threshold matter, the Court must determine whether ASC is a "prevailing party." A "prevailing party" is someone "who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). There must have been a "material alteration of the legal relationship of the parties[,]" *id.* (quoting Texas State Teachers Assn. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)), or a "judicially sanctioned change in the legal relationship of the parties," *id.* In defining

"prevailing party" in this manner, the Supreme Court has stressed the need for "judicial *imprimatur*" and "judicial relief." Id. at 605-06 (emphasis in original). Thus, the Court explained in Buckhannon, "enforceable judgments on the merits and court-ordered consent decrees" are sufficient to confer "prevailing-party" status. Id. at 604. By contrast, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by lawsuit," is not enough. Id. at 605. Likewise, "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees" and are thus not sufficient. Id. at 604 n.7.

The parties dispute whether ASC became the "prevailing party" by virtue of the filing of the stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Under Rule 41(a)(1)(A)(ii), "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." "[A] voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) . . . is immediately self-executing. No separate entry or order is required to effectuate the dismissal." State Nat'l Ins. Co. v. Cty. of Camden, 824 F.3d 399, 407 (3d Cir. 2016). Indeed, "a 'timely notice of voluntary dismissal invites no response from the district court and permits no interference by it.'" Id. (quoting In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008)). The case simply ends upon the filing of the proper notice. Id.

The Third Circuit Court of Appeals has not addressed whether a defendant can be considered a "prevailing party" upon stipulating to a dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii). Several district courts in this circuit have, however, held that voluntary dismissals are not sufficient to confer "prevailing-party" status because they do not require "judicial intervention or relief." Fassl v. Our Lady of Perpetual Help Roman Catholic Church, No. CIV.A. 05-CV-404, 2006 WL 709799, at *4 (E.D. Pa. Mar. 13, 2006); see Evans v.

3

Chichester Sch. Dist., No. CIVA 07-0072, 2008 WL 4610240, at *2 (E.D. Pa. Oct. 15, 2008); Wiza v. SEPTA, No. CV 12-2748, 2013 WL 12155801, at *1 (E.D. Pa. July 31, 2013). While none of those cases specifically involved stipulations of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii), they are nonetheless instructive, as the parties stipulation here similarly did not require "judicial intervention or relief."

A number of district courts outside the Third Circuit have addressed the specific question before this court and held that stipulations of dismissal pursuant to Rule 41(a)(1)(A)(ii) are *not* sufficient to confer "prevailing-party" status on a defendant, even where, as here, the dismissal is with prejudice. As one district court has explained:

> When parties stipulate to a dismissal pursuant to Rule [41(a)(1)(A)(ii)], there is no entry of judgment by the court. The parties have an absolute right to a dismissal by stipulation, and thus the court's role in resolving the matter is minimal. 8 James W. Moore, Moore's Federal Practice – Civil § 41.34 (2005). The stipulation must be filed in court, but does not require a court order. Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995). Nor does the stipulation require court approval. 8 Moore, Moore's Federal Practice – Civil § 41.34(2). The court also is not permitted to impose terms and conditions to protect either party. Id. at § 41.34(3).

Bryant v. MV Transp., Inc., 231 F.R.D. 480, 481 (E.D. Va. 2005). Consequently, the court held, the defendant was not a "prevailing party," even though the parties agreed that the dismissal was to be "with prejudice." Id. at 482 n.5. While a dismissal with "prejudice" under Rule 41(a)(1)(A)(ii) may effect a change in the legal relationship of the parties, the court explained, it is still insufficient to confer "prevailing-party" status because it is not a "*court-ordered* change." Id. (emphasis added).

The weight of authority from other district courts around the country is in accord. See, e.g., Hopkins Mfg. Corp. v. Cequent Performance Prod., Inc., No. 14-2208-JAR, 2016 WL 7188281, at *7 (D. Kan. Dec. 12, 2016) (explaining that a "dismissal under Rule 41(a)(1)(A)(ii)

4

[is] insufficient to confer prevailing party status under the Supreme Court's standards announced in Buckhannon"); Hartke v. Westman Prop. Mgmt., Inc., No. 315CV01901GPCDHB, 2016 WL 3286347, at *3 (S.D. Cal. June 14, 2016) (noting that "the Court is not aware of any cases where a defendant has been found a prevailing party for purposes of section 1988 upon voluntary dismissal under Rule 41(a)(1)(a)(ii)"); Malibu Media, LLC v. Baiazid, 152 F. Supp. 3d 496, 501 (E.D. Va. 2015) (explaining that "a defendant dismissed pursuant to a stipulation of dismissal [under Rule 41(a)(1)(A)(ii)] is not a 'prevailing party'"); Gibson v. Walgreen Co., No. 6:07CV1053ORL28KRS, 2008 WL 2607775, at *3 (M.D. Fla. July 1, 2008) (same).

This reasoning is persuasive.[1] ASC and Plaintiff stipulated to dismiss this case under Rule 41(a)(1)(A)(ii). Their stipulation did not require the court's approval. Once the stipulation was filed, the case ended. The fact that the court subsequently entered an order confirming the stipulation does not change that, as the order was merely ministerial or administrative in nature. It did not alter the legal relationship of the parties. See Malibu Media, 152 F. Supp. 3d at 500 n.2. To the extent the parties' legal relationship has been altered, it was by their own agreement, not any action of the court. Bryant, 231 F.R.D. at 482 n.5 "Because a stipulation of dismissal does not result in a judgment or judicially sanctioned relief, on which Buckhannon premises 'prevailing party' status, it follows that a defendant dismissed pursuant to a stipulation of dismissal is not a 'prevailing party.'" Malibu Media, 152 F. Supp. 3d at 501.

---

[1] The authority upon which ASC relies does not convince the court otherwise. ASC cites only two cases in its brief discussion of whether it can be considered the "prevailing party," and neither involved a dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). In Adams v. Teamsters Local 115, 678 F. Supp. 2d 314, 318 (E.D. Pa. 2007), the court held that the defendants were "prevailing parties" even though the plaintiff succeeded on his state law claims because he was unsuccessful on his federal law. In Beam v. Downey, 151 F. App'x 142, 144 (3d Cir. 2005), the defendants "prevailed" because they succeeded in having the plaintiff's claims dismissed under Fed. R. Civ. P. 12(b)(6). This case obviously presents neither of those scenarios, so these cases are inapposite.

5

Therefore, ASC cannot be considered a "prevailing party" in this case and its motion for costs and attorney's fees must be denied. The court need not consider whether Plaintiff brought this action in bad faith and for the purpose of harassment.

## V.  Conclusion

Based on the foregoing, the Court will deny ASC's motion for attorney fees and costs. An appropriate order will follow.

Date: March 23, 2017

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:  Craig T. Kimmel, Esq.  
  Joseph C. Hoeffel, Esq.

  Katherine L. Pomerleau, Esq.  
  Robert J. Hannen, Esq.

  (*Via CM/ECF Electronic Mail*)